**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

NAMASTÉ LABORATORIES, L.L.C.,
Plaintiff,

v.

CHEATHAM CHEMICAL CO.
d/b/a HOUSE OF CHEATHAM

Defendant.

FILED: JUNE 23, 2008
08 CV 3572
JUDGE ANDERSEN
MAGISTRATE JUDGE COLE

Civil Action No.

Judge:     JH

Magistrate Judge:

**JURY DEMANDED**

## COMPLAINT

Plaintiff Namasté Laboratories L.L.C. ("Namasté") alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for [I] unfair competition, false designation of origin, deceptive trade practices and trademark infringement as provided under Title 15, United States Code § 1125(a); [II] copyright infringement under the Copyright Laws of the United States as provided for under Title 17, United States Code § 101, *et seq*; [III] violations under the Illinois Consumer Fraud and Deceptive Business Practices Act.

### THE PARTIES

2.      Namasté is a corporation existing under the laws of Illinois, and having a principal place of business at 13636 South Western Avenue, Blue Island, Illinois 60406.

3.      On information and belief, Cheatham Chemical Company d/b/a House of Cheatham ("Cheatham") is a corporation existing under the laws of Georgia, and having a principal place of business at 1550 Roadhaven Drive, Stone Mountain, Georgia 30083.

### JURISDICTION AND VENUE

4.      Jurisdiction over Count I is expressly conferred on this Court under 28 U.S.C.

§§ 1331 and 1338 and/or 15 U.S.C. § 1121.  Jurisdiction over Count II is expressly conferred on

this Court under 28 U.S.C. §1338, since it is joined with substantial and related claims

thereunder and/or 28 U.S.C. §1367, the supplemental jurisdiction of this Court.

5.      Personal jurisdiction over Cheatham is vested in this Court because Cheatham

has committed one or more of the acts complained of herein within this State and Judicial

District pursuant to, at least, 735 ILCS § 5/2-201 *et seq*.

6.      Venue is proper within this judicial district under 28 U.S.C. § 1391 (b) and/or (c).

### BACKGROUND FACTS

7.      Namasté sells a line of hair care products, including but not limited to an Organic

ROOT Stimulator™ line of products (Exhibit A).  The Organic ROOT Stimulator™ brand of

hair care products includes, but is not limited to, (a) an OLIVE OIL Cream (Exhibit B), (b) an

OLIVE OIL Moisturizing Hair Lotion (Exhibit C), (c) an OLIVE OIL Moisturizing Sheen Spray

(Exhibit D), and (d) an OLIVE OIL Creamy Aloe Shampoo (Exhibit E).  Hereinafter, this line of

products shall be collectively referred to as the Organic ROOT Stimulator™ OLIVE OIL line of

products.

8.      The Organic ROOT Stimulator™ OLIVE OIL line of products features a

combination of elements that together create a unique and distinctive trade dress.  Namasté has

been offering the Organic ROOT Stimulator™ OLIVE OIL line of products featuring this unique

and distinctive combination of elements or trade dress for more than 7 years.

-2-

9.      As noted above, the distinctive trade dress of Namasté's Organic ROOT Stimulator™ OLIVE OIL line of products is embodied in products that include a hair Cream, a Moisturizing Hair Lotion, a Moisturizing Sheen Spray, and a Creamy Aloe Shampoo.  Since at least as early as March 2001, Namasté has extensively and continuously advertised and sold the Organic ROOT Stimulator™ OLIVE OIL line of products  throughout the United States.

10.      Namasté is also the owner of U.S. Application Nos. 77/504,414 and 77/504,459, both of which feature the distinctive label for Namasté's Organic ROOT Stimulator™ OLIVE OIL line of products.  Copies of the trademark applications are attached hereto as Exhibit F.

11.      Namasté's extensive advertising, use and sales have engendered a public recognition of, and association with, Namasté as the source of hair care products, especially the Organic ROOT Stimulator™ OLIVE OIL line of products, having the distinctive trade dress, and has rendered that trade dress highly distinctive in the minds of the relevant consuming public. Based on this wide public recognition and extensive use in the United States, including use in connection with the Organic ROOT Stimulator™ OLIVE OIL line of products , Namasté's distinctive trade dress is famous.

12.      Without Namasté's authorization, Cheatham has adopted, promoted, advertised, imported, sold and/or offered for sale in United States commerce, an Organics™ line of hair care products (including but not limited to the Organics™ OLIVE OIL Deep Conditioner, and the Organics™ OLIVE OIL Shampoo shown in the attached Exhibit G) that is directly competitive with the Organic ROOT Stimulator™ OLIVE OIL line of products.  This House of Cheatham Organics™ line of products has a trade dress that simulates and is highly and confusingly similar to the trade dress of Namasté's Organic ROOT Stimulator™ OLIVE OIL line of products.

13.     In fact, Cheatham's Organics™ line of products has a trade dress that is nearly identical to the trade dress of the distinctive Organic ROOT Stimulator™ OLIVE OIL line of products.

14.     Cheatham sells, or has sold, the Organics™ line of products in the same channels of trade as the Organic ROOT Stimulator™ OLIVE OIL line of products.

15.     Cheatham and Namasté both sell their respective products to the same customers, and both Cheatham and Namasté direct their marketing especially to African-American consumers.

16.     Cheatham and Namasté both sell their products through common retailers, including but not limited to Walgreen's, Wal-Mart and CVS stores.

17.     In-store shelving and displays feature the Cheatham Organics™ line of products in close proximity to the Organic ROOT Stimulator™ OLIVE OIL line of products.

18.     Cheatham's infringing and unfair activities are detrimental to the goodwill and business reputation symbolized by the Namasté trademarks and trade dress, and have resulted, and continue to result, in both monetary damage and irreparable harm to Namasté.

19.     On information or belief, Cheatham has adopted, promoted, advertised, sold the Cheatham Organics™ line of products for sale with knowledge that the Organics™ line of products is likely to cause confusion, mistake, or to deceive purchasers to believe that Namasté sponsored, endorsed and/or authorized Cheatham's products.

20.     Namasté is also the sole and exclusive owner of the copyrights to the labels used in connection with its Organic ROOT Stimulator™ OLIVE OIL line of products (the "Namasté Labels"), which consist of material that is wholly original and creative, and which constitutes

copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*

21.     Namasté has duly complied with the provisions of the Copyright Laws of the United States and has secured exclusive rights, title and privileges in and to the Namasté Labels.

22.     On June 20, 2008, Namasté submitted to the United States Copyright Office a copyright applications for labels for two of its Organic ROOT Stimulator™ OLIVE OIL products.  Copies of the application for copyright as submitted are attached hereto as Exhibits H and I, respectively ("the Namasté Copyright Applications").

23.     Without the authorization, license or permission of Namasté, Cheatham has used a product label that is substantially, if not strikingly, similar to the Namasté Labels embodied in the Namasté Copyright Application.

## COUNT I

### FEDERAL UNFAIR COMPETITION

24.     Namasté repeats and realleges the allegations contained in the foregoing paragraphs 1-23.

25.     As a complete and first ground for relief, Namasté hereby charges Cheatham with federal unfair competition under the trademark laws of the United States and, in particular, 15 U.S.C. § 1125(a), for unfair competition, infringement and unlawful appropriation of the trade dress embodied in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products.

26.     Cheatham has, without authorization, adopted, advertised, sold and/or offered for sale, in United States commerce, the Organics™ line of products exemplified by the attached

Exhibit H, having a trade dress that is confusingly similar to the distinctive trade dress featured in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products.

27.     The acts of Cheatham complained of herein are likely to continue to cause confusion, or to cause mistake, or to deceive the purchasing public and others in violation of 15 U.S.C. § 1114.

28.     Cheatham's infringement is detrimental to the goodwill and business reputation symbolized by the distinctive trade dress featured in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products.

29.     As a result of Cheatham's actions, Namasté has suffered serious and irreparable injury and, unless restrained by this Court, Namasté is likely to suffer further injury by Cheatham's continued infringement.

30.     Upon information and belief, Cheatham's acts as alleged herein were committed willfully, and with knowledge that such unauthorized use of the distinctive trade dress, featured in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products, would cause confusion, mistake, or deceive purchasers to believe that Namasté sponsored, endorsed, or authorized the Organics™ line of hair care products, or that Cheatham's line of hair care products is associated with Namasté, or with their products.  Thus, a finding of an exceptional case is warranted under 15 U.S.C. § 1117(a).

## COUNT II

### COPYRIGHT INFRINGEMENT

31.     Namasté repeats and realleges the allegations contained in the foregoing paragraphs 1-30.

32.     As a complete and third ground for relief, Namasté hereby charges Cheatham with copyright infringement under the Copyright Laws of the United States, 17 U.S.C. § 101, *et. seq*.

33.     On information and belief, Cheatham has reproduced and/or distributed the Namasté Labels and/or product labels exemplified by Exhibit H that are substantially, if not strikingly, similar to the Namasté Labels.

34.     Cheatham has profited or will profit from the reproduction and/or distribution of the Namasté Labels and/or a product label that is substantially, if not strikingly, similar to the Namasté Labels.

35.     Cheatham's reproduction and/or distribution of the Namasté Labels, works derived from the Namasté Labels and/or product labels that are substantially, if not strikingly, similar to the Namasté Labels was without the authorization, license or permission of Namasté.

36.     Cheatham's reproduction and/or distribution of the Namasté Labels, works derived from the Namasté Labels and/or product labels that are substantially, if not strikingly, similar to the Namasté Labels, was willful, intentional and in flagrant disregard of Namasté's lawful rights.

37.     As a result of Cheatham's acts of copyright infringement, Namasté has suffered irreparable injury and has lost sales and profits, and will continue to do so unless Cheatham is enjoined from continuing to commit the aforesaid acts.

## COUNT III

### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT VIOLATIONS

38.     Namasté repeats and realleges the allegations contained in the foregoing paragraphs 1-37.

39.     As a complete and third ground for relief, Namasté hereby charges Cheatham with violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

40.     Cheatham's unauthorized use of the distinctive trade dress featured in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products, in connection with the Organics™ line of hair care products exemplified by the attached Exhibit H, constitutes an unfair method of competition, and an unfair or deceptive act or practice, including, but not limited to, the use or employment of deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of material facts to the purchasing public, including the source of Cheatham's goods and the source, sponsorship, approval, and/or affiliation of Namasté with Cheatham's goods, with the intent that the purchasing public rely on such unfair methods of competition and unfair or deceptive acts or practices.

41.     On information and belief, Cheatham's actions were performed with willfulness and the intent to wrongfully exploit Namasté's rights in its distinctive Organic ROOT Stimulator™ OLIVE OIL line of hair care products.

42.     Cheatham's actions constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (2002).

### PRAYER FOR RELIEF

**WHEREFORE**, Namasté prays for the following relief:

1.     Judgment that Cheatham has competed unfairly with Namasté by adopting, using and selling a product with a trade dress that is confusingly similar to the distinctive trade dress featured in the Namasté Organic ROOT Stimulator™ OLIVE OIL line of hair care products, by the acts complained of herein, in violation of violation of 15 U.S.C. § 1125.

-8-

2.   Judgment that Defendant's unauthorized use of the distinctive trade dress featured in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products, and as exemplified by Cheatham's Organics™ line of hair care products exemplified by Exhibits H and F constitutes an unfair method of competition and an unfair or deceptive act or practice, all in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (2002)

3.   Judgment that Cheatham, its officers, agents, servants, employees, attorneys and all persons in active concert and/or participation with it who receive notice be permanently enjoined and restrained from:

(i)   imitating, copying, duplicating, or otherwise making any infringing use of the trade dress embodied in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products in connection with the manufacturing, distribution, or sale of its products;

(ii)   manufacturing, selling, attempting to sell, purchasing, promoting, storing, shipping, receiving, maintaining in their possession or otherwise exploiting in commerce the accused products or any other product that infringes the Namasté trade dress;

(iii)   manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material bearing any copy or colorable imitation of the trade dress embodied in the Namasté Organic ROOT Stimulator™ OLIVE OIL line of hair care products in connection with the manufacturing, distribution, or sale of its products;

(iv)    using any false designation of origin or false description which can or is likely to lead the public, or individual members thereof, to mistakenly believe that any good or service advertised, promoted, offered, or sold by Cheatham is sponsored, endorsed, approved, or authorized by or connected with Namasté;

(v)    causing likelihood of confusion or injury to Namasté's business reputation and to the distinctiveness of the Organic ROOT Stimulator™ OLIVE OIL line of hair care products and trade dress embodied in Namasté Organic ROOT Stimulator™ OLIVE OIL line of hair care products by unauthorized use of the same or a confusingly similar equivalent in connection with the manufacturing, distribution, or sale of its products;

(vi)    engaging in any other activity constituting unfair competition or infringement of the trade dress embodied in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products, or Namasté's rights in, to use, or to exploit the same; and

(vii)    assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

4.    An order awarding Namasté monetary relief in an amount to be fixed by the Court in its discretion as just, including all damages sustained by Namasté, a reasonable royalty, and/or all of Cheatham's profits or gains of any kind resulting from its willful infringement, said amount to be trebled in view of the intentional nature of the acts complained of herein pursuant to 15 U.S.C. § 1117.

5.      An order, pursuant to 15 U.S.C. §1118, requiring Cheatham and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Cheatham who receive actual notice of said order, to deliver up all promotional, advertising, and any other printed materials of any kind wrongfully bearing the simulation of the trade dress of Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products.

6.      An order for corrective advertising in a form, manner and frequency that is reasonably acceptable to Namasté.

7.      An order, pursuant to 15 U.S.C. § 1117, awarding to Namasté its attorneys' fees, due to the exceptional nature of this case, and all of Namasté costs and expenses of litigation.

8.      An order awarding to Namasté such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

9.      Judgment that Cheatham, its officers, agents, servants, employees, attorneys and all persons in active concert and/or participation with it who receive notice be permanently enjoined and restrained from using the Namasté Labels or any other works of art or designs which are substantially, confusingly or deceptively similar to Namasté Labels and drawings as covered by Namasté's copyright registrations for the Namasté Labels, or conducting any other infringing acts in connection with the construction, promotion, distribution, advertising, offering for sale and/or sale or use in any other manner of product labels and drawings and/or any other related goods.

10.     An order directing Cheatham to undertake immediate steps and to exercise due diligence to deliver up for disposition a list of all customers and accounts: (a) to which they have distributed the infringing product labels and product labels substantially similar to the Namasté

Labels, and (b) for whom product labels substantially similar to that embodied in the Namasté

Labels have been provided.

## **<u>JURY DEMAND</u>**

Namasté respectfully request a trial by jury.

Respectfully submitted,

NAMASTÉ LABORATORIES LLC

Dated:  June 23, 2008

By:  /s/Daniel N. Christus
Daniel N. Christus
Brent A. Hawkins
Adele R. Frankel
McDermott Will & Emery, LLP
227 West Monroe Street
Chicago, Illinois  60606-5096

*Attorneys for Plaintiff*
*Namasté Laboratories L.L.C.*

CHI99 4972876-3.077224.0013

-12-

```
08 CV 3572
JUDGE ANDERSEN
MAGISTRATE JUDGE COLE

JH
```

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C



# EXHIBIT D



# EXHIBIT E



# EXHIBIT F

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

# Trademark/Service Mark Application, Principal Register

## To the Commissioner for Trademarks:

**MARK:** OLIVE OIL (stylized and/or with design, see mark)

The literal element of the mark consists of OLIVE OIL.
The color(s) olive green and red is/are claimed as a feature of the mark. The mark consists of a label having an olive green background with a red masthead positioned above the words OLIVE OIL and a depiction of olives and an olive vine.
The applicant, Namaste Laboratories, L.L.C., a limited liability company legally organized under the laws of Illinois, having an address of 13636 South Western Avenue, Blue Island, Illinois, United States, 60406, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

International Class 003:  Hair care products, namely, shampoo, conditioner, hair spray, relaxer, mousse and hair lotion

Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

In International Class 003, the mark was first used at least as early as 09/30/2001 and first used in commerce at least as early as 09/30/2001 and is now in use in such commerce. The applicant is submitting or will submit one specimen for *each class* showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or consisting of a(n) Bottle of product with label.
Specimen-1 [spec-1-389818123-164054864_._Namaste_Specimen.pdf ]

The mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement.

Applicant is filing a Petition to Make Special concurrently by mail with this application. Applicant is filing a Declaration of Venetta M. Coley, Vice President of Marketing including additional evidence of use of the mark supporting its assertion under Section 2(f) concurrently by mail with this application.
Miscellaneous File1 [mis-389818123-164054864_._Petition__COLOR_.pdf ]

The applicant hereby appoints Monique A. Morneault of McDermott Will & Emery LLP, 227 West Monroe Street, Suite 4400, Chicago, Illinois, United States, 60606 to submit this application on behalf of the applicant. The attorney docket/reference number is 77224-0054.

Correspondence Information: Monique A. Morneault
        227 West Monroe Street, Suite 4400
        Chicago, Illinois 60606
        312-372-2000(phone)

312-984-7699(fax)

chicago_ip_docket@mwe.com (authorized)

A fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class (es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /Monique A. Morneault/   Date Signed: 06/20/2008
Signatory's Name: Monique A. Morneault
Signatory's Position: Attorney of record


| Back |





PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

## Trademark/Service Mark Application, Principal Register

## To the Commissioner for Trademarks:

**MARK:** OLIVE OIL (stylized and/or with design, see mark)

The literal element of the mark consists of OLIVE OIL.
The applicant is not claiming color as a feature of the mark. The mark consists of a label having a masthead positioned above the words OLIVE OIL and a depiction of olives and an olive vine.
The applicant, Namaste Laboratories, L.L.C., a limited liability company legally organized under the laws of Illinois, having an address of 13636 South Western Avenue, Blue Island, Illinois, United States, 60406, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

International Class 003:  Hair care products, namely, shampoo, conditioner, hair spray, relaxer, mousse and hair lotion

Use in Commerce: The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, or the applicant's predecessor in interest used the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

In International Class 003, the mark was first used at least as early as 09/30/2001 and first used in commerce at least as early as 09/30/2001 and is now in use in such commerce. The applicant is submitting or will submit one specimen for *each class* showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or consisting of a(n) Bottle of product with label.
Specimen-1 [spec-389818123-162449365_._Namaste_Specimen.pdf ]

The mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement.

Applicant is filing a Petition to Make Special concurrently by mail with this application. Applicant is filing a Declaration of Venetta M. Coley, Vice President of Marketing including additional evidence of use of the mark supporting its assertion under Section 2(f) concurrently by mail with this application.
Miscellaneous File1 [mis-389818123-162449365_._Petition__BW_.pdf ]

The applicant hereby appoints Monique A. Morneault of McDermott Will & Emery LLP, 227 West Monroe Street, Suite 4400, Chicago, Illinois, United States, 60606 to submit this application on behalf of the applicant. The attorney docket/reference number is 77224-0053.

Correspondence Information: Monique A. Morneault
          227 West Monroe Street, Suite 4400
          Chicago, Illinois 60606
          312-372-2000(phone)
          312-984-7700(fax)

chicago_ip_docket@mwe.com (authorized)

A fee payment in the amount of $325 will be submitted with the application, representing payment for 1 class (es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /Monique A. Morneault/   Date Signed: 06/20/2008
Signatory's Name: Monique A. Morneault
Signatory's Position: Attorney of record

Back



# OLIVE OIL



# EXHIBIT G



# EXHIBIT H

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA          VAU
EFFECTIVE DATE OF REGISTRATION

Month          Day          Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**Title of This Work ▼**

Olive Oil Shampoo Label

**NATURE OF THIS WORK ▼** See instructions

Label

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give:   Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

---

**NAME OF AUTHOR ▼**

Joseph Randall

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼
1945

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR ☐ Citizen of _____ U.S.A.
☐ Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?        ☐ Yes  ☑ No   If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?    ☐ Yes  ☑ No

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture      ☐ Map          ☐ Technical drawing
☑ 2-Dimensional artwork        ☐ Photograph   ☑ Text
☐ Reproduction of work of art  ☐ Jewelry design ☐ Architectural work

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR ☐ Citizen of _____
☐ Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?        ☐ Yes  ☐ No   If the answer to either of these questions is "Yes," see detailed instructions.
Pseudonymous?    ☐ Yes  ☐ No

**Nature of Authorship** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture      ☐ Map          ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph   ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design ☐ Architectural work

---

**Year in Which Creation of This Work Was Completed**  2001  This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**  Complete this information ONLY if this work has been published.  Month 09   Day 30   Year 2001
U.S.A.          Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Namaste Laboratories, L.L.C.
13636 South Western Avenue, Blue Island, IL 60406

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Owner by assignment

See instructions before completing this space.

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of _____ pages

# EXHIBIT I

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

_____

VA            VAU
EFFECTIVE DATE OF REGISTRATION

Month        Day        Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**Title of This Work** ▼

Olive Oil Creme Label

**NATURE OF THIS WORK** ▼ See Instructions

Label

**Previous or Alternative Titles** ▼

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼          Number ▼          Issue Date ▼          On Pages ▼

**NAME OF AUTHOR** ▼

Joseph Randall

**DATES OF BIRTH AND DEATH**
Year Born ▼          Year Died ▼
1945

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____ U.S.A.
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture     ☐ Map              ☐ Technical drawing
☑ 2-Dimensional artwork       ☐ Photograph       ☑ Text
☐ Reproduction of work of art ☐ Jewelry design   ☐ Architectural work

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**Name of Author** ▼

**Dates of Birth and Death**
Year Born ▼          Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?    ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture     ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork       ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☐ Jewelry design   ☐ Architectural work

**Year in Which Creation of This Work Was Completed**  2001
This information must be given in all cases.

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month 09   Day 30   Year 2001
U.S.A.
Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Namaste Laboratories, L.L.C.
13636 South Western Avenue, Blue Island, IL 60406

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

Owner by assignment

APPLICATION RECEIVED

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

See instructions before completing this space.

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
                      • See detailed instructions.      • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages