### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NAMASTÉ LABORATORIES, L.L.C.,
          Plaintiff,

    v.

CHEATHAM CHEMICAL CO.
d/b/a HOUSE OF CHEATHAM

          Defendant.

FILED: JUNE 23, 2008
08 CV 3572
JUDGE ANDERSEN
MAGISTRATE JUDGE COLE

Civil Action No.

Judge:    JH

Magistrate Judge:

**JURY DEMANDED**

## COMPLAINT

Plaintiff Namasté Laboratories L.L.C. ("Namasté") alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for [I] unfair competition, false designation of origin, deceptive trade practices and trademark infringement as provided under Title 15, United States Code § 1125(a); [II] copyright infringement under the Copyright Laws of the United States as provided for under Title 17, United States Code § 101, *et seq*; [III] violations under the Illinois Consumer Fraud and Deceptive Business Practices Act.

### THE PARTIES

2.      Namasté is a corporation existing under the laws of Illinois, and having a principal place of business at 13636 South Western Avenue, Blue Island, Illinois 60406.

3.      On information and belief, Cheatham Chemical Company d/b/a House of Cheatham ("Cheatham") is a corporation existing under the laws of Georgia, and having a principal place of business at 1550 Roadhaven Drive, Stone Mountain, Georgia 30083.

## JURISDICTION AND VENUE

4.      Jurisdiction over Count I is expressly conferred on this Court under 28 U.S.C.

§§ 1331 and 1338 and/or 15 U.S.C. § 1121.  Jurisdiction over Count II is expressly conferred on

this Court under 28 U.S.C. §1338, since it is joined with substantial and related claims

thereunder and/or 28 U.S.C. §1367, the supplemental jurisdiction of this Court.

5.      Personal jurisdiction over Cheatham is vested in this Court because Cheatham

has committed one or more of the acts complained of herein within this State and Judicial

District pursuant to, at least, 735 ILCS § 5/2-201 *et seq*.

6.      Venue is proper within this judicial district under 28 U.S.C. § 1391 (b) and/or (c).

## BACKGROUND FACTS

7.      Namasté sells a line of hair care products, including but not limited to an Organic

ROOT Stimulator™ line of products (Exhibit A).  The Organic ROOT Stimulator™ brand of

hair care products includes, but is not limited to, (a) an OLIVE OIL Cream (Exhibit B), (b) an

OLIVE OIL Moisturizing Hair Lotion (Exhibit C), (c) an OLIVE OIL Moisturizing Sheen Spray

(Exhibit D), and (d) an OLIVE OIL Creamy Aloe Shampoo (Exhibit E).  Hereinafter, this line of

products shall be collectively referred to as the Organic ROOT Stimulator™ OLIVE OIL line of

products.

8.      The Organic ROOT Stimulator™ OLIVE OIL line of products features a

combination of elements that together create a unique and distinctive trade dress.  Namasté has

been offering the Organic ROOT Stimulator™ OLIVE OIL line of products featuring this unique

and distinctive combination of elements or trade dress for more than 7 years.

9.      As noted above, the distinctive trade dress of Namasté's Organic ROOT Stimulator™ OLIVE OIL line of products is embodied in products that include a hair Cream, a Moisturizing Hair Lotion, a Moisturizing Sheen Spray, and a Creamy Aloe Shampoo.  Since at least as early as March 2001, Namasté has extensively and continuously advertised and sold the Organic ROOT Stimulator™ OLIVE OIL line of products  throughout the United States.

10.      Namasté is also the owner of U.S. Application Nos. 77/504,414 and 77/504,459, both of which feature the distinctive label for Namasté's Organic ROOT Stimulator™ OLIVE OIL line of products.  Copies of the trademark applications are attached hereto as Exhibit F.

11.      Namasté's extensive advertising, use and sales have engendered a public recognition of, and association with, Namasté as the source of hair care products, especially the Organic ROOT Stimulator™ OLIVE OIL line of products, having the distinctive trade dress, and has rendered that trade dress highly distinctive in the minds of the relevant consuming public.  Based on this wide public recognition and extensive use in the United States, including use in connection with the Organic ROOT Stimulator™ OLIVE OIL line of products , Namasté's distinctive trade dress is famous.

12.      Without Namasté's authorization, Cheatham has adopted, promoted, advertised, imported, sold and/or offered for sale in United States commerce, an Organics™ line of hair care products (including but not limited to the Organics™ OLIVE OIL Deep Conditioner, and the Organics™ OLIVE OIL Shampoo shown in the attached Exhibit G) that is directly competitive with the Organic ROOT Stimulator™ OLIVE OIL line of products.  This House of Cheatham Organics™ line of products has a trade dress that simulates and is highly and confusingly similar to the trade dress of Namasté's Organic ROOT Stimulator™ OLIVE OIL line of products.

13.    In fact, Cheatham's Organics™ line of products has a trade dress that is nearly identical to the trade dress of the distinctive Organic ROOT Stimulator™ OLIVE OIL line of products.

14.    Cheatham sells, or has sold, the Organics™ line of products in the same channels of trade as the Organic ROOT Stimulator™ OLIVE OIL line of products.

15.    Cheatham and Namasté both sell their respective products to the same customers, and both Cheatham and Namasté direct their marketing especially to African-American consumers.

16.    Cheatham and Namasté both sell their products through common retailers, including but not limited to Walgreen's, Wal-Mart and CVS stores.

17.    In-store shelving and displays feature the Cheatham Organics™ line of products in close proximity to the Organic ROOT Stimulator™ OLIVE OIL line of products.

18.    Cheatham's infringing and unfair activities are detrimental to the goodwill and business reputation symbolized by the Namasté trademarks and trade dress, and have resulted, and continue to result, in both monetary damage and irreparable harm to Namasté.

19.    On information or belief, Cheatham has adopted, promoted, advertised, sold the Cheatham Organics™ line of products for sale with knowledge that the Organics™ line of products is likely to cause confusion, mistake, or to deceive purchasers to believe that Namasté sponsored, endorsed and/or authorized Cheatham's products.

20.    Namasté is also the sole and exclusive owner of the copyrights to the labels used in connection with its Organic ROOT Stimulator™ OLIVE OIL line of products (the "Namasté Labels"), which consist of material that is wholly original and creative, and which constitutes

copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*

21.     Namasté has duly complied with the provisions of the Copyright Laws of the United States and has secured exclusive rights, title and privileges in and to the Namasté Labels.

22.     On June 20, 2008, Namasté submitted to the United States Copyright Office a copyright applications for labels for two of its Organic ROOT Stimulator™ OLIVE OIL products.  Copies of the application for copyright as submitted are attached hereto as Exhibits H and I, respectively ("the Namasté Copyright Applications").

23.     Without the authorization, license or permission of Namasté, Cheatham has used a product label that is substantially, if not strikingly, similar to the Namasté Labels embodied in the Namasté Copyright Application.

**COUNT I**

**FEDERAL UNFAIR COMPETITION**

24.     Namasté repeats and realleges the allegations contained in the foregoing paragraphs 1-23.

25.     As a complete and first ground for relief, Namasté hereby charges Cheatham with federal unfair competition under the trademark laws of the United States and, in particular, 15 U.S.C. § 1125(a), for unfair competition, infringement and unlawful appropriation of the trade dress embodied in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products.

26.     Cheatham has, without authorization, adopted, advertised, sold and/or offered for sale, in United States commerce, the Organics™ line of products exemplified by the attached

Exhibit H, having a trade dress that is confusingly similar to the distinctive trade dress featured in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products.

27.     The acts of Cheatham complained of herein are likely to continue to cause confusion, or to cause mistake, or to deceive the purchasing public and others in violation of 15 U.S.C. § 1114.

28.     Cheatham's infringement is detrimental to the goodwill and business reputation symbolized by the distinctive trade dress featured in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products.

29.     As a result of Cheatham's actions, Namasté has suffered serious and irreparable injury and, unless restrained by this Court, Namasté is likely to suffer further injury by Cheatham's continued infringement.

30.     Upon information and belief, Cheatham's acts as alleged herein were committed willfully, and with knowledge that such unauthorized use of the distinctive trade dress, featured in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products, would cause confusion, mistake, or deceive purchasers to believe that Namasté sponsored, endorsed, or authorized the Organics™ line of hair care products, or that Cheatham's line of hair care products is associated with Namasté, or with their products.  Thus, a finding of an exceptional case is warranted under 15 U.S.C. § 1117(a).

## COUNT II

### COPYRIGHT INFRINGEMENT

31.     Namasté repeats and realleges the allegations contained in the foregoing paragraphs 1-30.

32.     As a complete and third ground for relief, Namasté hereby charges Cheatham with copyright infringement under the Copyright Laws of the United States, 17 U.S.C. § 101, *et. seq*.

33.     On information and belief, Cheatham has reproduced and/or distributed the Namasté Labels and/or product labels exemplified by Exhibit H that are substantially, if not strikingly, similar to the Namasté Labels.

34.     Cheatham has profited or will profit from the reproduction and/or distribution of the Namasté Labels and/or a product label that is substantially, if not strikingly, similar to the Namasté Labels.

35.     Cheatham's reproduction and/or distribution of the Namasté Labels, works derived from the Namasté Labels and/or product labels that are substantially, if not strikingly, similar to the Namasté Labels was without the authorization, license or permission of Namasté.

36.     Cheatham's reproduction and/or distribution of the Namasté Labels, works derived from the Namasté Labels and/or product labels that are substantially, if not strikingly, similar to the Namasté Labels, was willful, intentional and in flagrant disregard of Namasté's lawful rights.

37.     As a result of Cheatham's acts of copyright infringement, Namasté has suffered irreparable injury and has lost sales and profits, and will continue to do so unless Cheatham is enjoined from continuing to commit the aforesaid acts.

## COUNT III

### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT VIOLATIONS

38.     Namasté repeats and realleges the allegations contained in the foregoing paragraphs 1-37.

39.     As a complete and third ground for relief, Namasté hereby charges Cheatham with violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

40.     Cheatham's unauthorized use of the distinctive trade dress featured in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products, in connection with the Organics™ line of hair care products exemplified by the attached Exhibit H, constitutes an unfair method of competition, and an unfair or deceptive act or practice, including, but not limited to, the use or employment of deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of material facts to the purchasing public, including the source of Cheatham's goods and the source, sponsorship, approval, and/or affiliation of Namasté with Cheatham's goods, with the intent that the purchasing public rely on such unfair methods of competition and unfair or deceptive acts or practices.

41.     On information and belief, Cheatham's actions were performed with willfulness and the intent to wrongfully exploit Namasté's rights in its distinctive Organic ROOT Stimulator™ OLIVE OIL line of hair care products.

42.     Cheatham's actions constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (2002).

## PRAYER FOR RELIEF

**WHEREFORE**, Namasté prays for the following relief:

1.  Judgment that Cheatham has competed unfairly with Namasté by adopting, using and selling a product with a trade dress that is confusingly similar to the distinctive trade dress featured in the Namasté Organic ROOT Stimulator™ OLIVE OIL line of hair care products, by the acts complained of herein, in violation of violation of 15 U.S.C. § 1125.

2. Judgment that Defendant's unauthorized use of the distinctive trade dress featured in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products, and as exemplified by Cheatham's Organics™ line of hair care products exemplified by Exhibits H and F constitutes an unfair method of competition and an unfair or deceptive act or practice, all in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (2002)

3. Judgment that Cheatham, its officers, agents, servants, employees, attorneys and all persons in active concert and/or participation with it who receive notice be permanently enjoined and restrained from:

      (i)    imitating, copying, duplicating, or otherwise making any infringing use of the trade dress embodied in Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products in connection with the manufacturing, distribution, or sale of its products;

      (ii)   manufacturing, selling, attempting to sell, purchasing, promoting, storing, shipping, receiving, maintaining in their possession or otherwise exploiting in commerce the accused products or any other product that infringes the Namasté trade dress;

      (iii)  manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material bearing any copy or colorable imitation of the trade dress embodied in the Namasté Organic ROOT Stimulator™ OLIVE OIL line of hair care products in connection with the manufacturing, distribution, or sale of its products;

(iv)     using any false designation of origin or false description which can or is

likely to lead the public, or individual members thereof, to mistakenly

believe that any good or service advertised, promoted, offered, or sold by

Cheatham is sponsored, endorsed, approved, or authorized by or

connected with Namasté;

(v)     causing likelihood of confusion or injury to Namasté's business reputation

and to the distinctiveness of the Organic ROOT Stimulator™ OLIVE OIL

line of hair care products and trade dress embodied in Namasté Organic

ROOT Stimulator™ OLIVE OIL line of hair care products by

unauthorized use of the same or a confusingly similar equivalent in

connection with the manufacturing, distribution, or sale of its products;

(vi)     engaging in any other activity constituting unfair competition or

infringement of the trade dress embodied in Namasté's Organic ROOT

Stimulator™ OLIVE OIL line of hair care products, or Namasté's rights

in, to use, or to exploit the same; and

(vii)     assisting, aiding, or abetting another person or business entity in engaging

or performing any of the activities enumerated in subparagraphs (i)

through (vi) above.

4.     An order awarding Namasté monetary relief in an amount to be fixed by the Court

in its discretion as just, including all damages sustained by Namasté, a reasonable royalty, and/or

all of Cheatham's profits or gains of any kind resulting from its willful infringement, said

amount to be trebled in view of the intentional nature of the acts complained of herein pursuant

to 15 U.S.C. § 1117.

5.      An order, pursuant to 15 U.S.C. §1118, requiring Cheatham and any principals, agents, servants, employees, successors, and assigns of and all those in privity or concert with Cheatham who receive actual notice of said order, to deliver up all promotional, advertising, and any other printed materials of any kind wrongfully bearing the simulation of the trade dress of Namasté's Organic ROOT Stimulator™ OLIVE OIL line of hair care products.

6.      An order for corrective advertising in a form, manner and frequency that is reasonably acceptable to Namasté.

7.      An order, pursuant to 15 U.S.C. § 1117, awarding to Namasté its attorneys' fees, due to the exceptional nature of this case, and all of Namasté costs and expenses of litigation.

8.      An order awarding to Namasté such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

9.      Judgment that Cheatham, its officers, agents, servants, employees, attorneys and all persons in active concert and/or participation with it who receive notice be permanently enjoined and restrained from using the Namasté Labels or any other works of art or designs which are substantially, confusingly or deceptively similar to Namasté Labels and drawings as covered by Namasté's copyright registrations for the Namasté Labels, or conducting any other infringing acts in connection with the construction, promotion, distribution, advertising, offering for sale and/or sale or use in any other manner of product labels and drawings and/or any other related goods.

10.     An order directing Cheatham to undertake immediate steps and to exercise due diligence to deliver up for disposition a list of all customers and accounts: (a) to which they have distributed the infringing product labels and product labels substantially similar to the Namasté

Labels, and (b) for whom product labels substantially similar to that embodied in the Namasté

Labels have been provided.

## **JURY DEMAND**

Namasté respectfully request a trial by jury.

Respectfully submitted,

NAMASTÉ LABORATORIES LLC

Dated:  June 23, 2008                    By: /s/Daniel N. Christus
                                             Daniel N. Christus
                                             Brent A. Hawkins
                                             Adele R. Frankel
                                             McDermott Will & Emery, LLP
                                             227 West Monroe Street
                                             Chicago, Illinois  60606-5096

                                             *Attorneys for Plaintiff*
                                             *Namasté Laboratories L.L.C.*

CHI99 4972876-3.077224.0013