UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAMASTE LABORATORIES, L.L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHEATHAM CHEMICAL CO. d/b/a House ) <br> of Cheatham and HOUSE OF CHEATHAM, ) <br> INC. ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:08-cv-03572 <br><br> Judge Wayne R. Andersen <br><br> Magistrate Judge Jeffrey Cole |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Namaste Laboratories, L.L.C., ("Namaste") and Defendants Cheatham Chemical Co. d/b/a House of Cheatham and House of Cheatham, Inc. (collectively, "Cheatham") agree to entry of this Consent Judgment, which is hereby entered and approved by the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"), as follows:

1. The Court has jurisdiction over the parties.

2. Namaste filed a Complaint and an Amended Complaint in the Federal District Court for the Northern District of Illinois, Eastern Division;

3. Subject matter jurisdiction exists pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction over Cheatham exists pursuant to 735 ILCS § 5/2-201 *et seq.* Venue is proper within this judicial district under 28 U.S.C. § 1391(b) and/or (c).

4. The parties have reached a complete settlement of all claims related to the instant action and have executed that certain Settlement Agreement on March 10, 2009 (the "Settlement

Agreement"). Based on the terms of the Settlement Agreement, Cheatham, its agents, servants, employees, and representatives, are after May 31, 2009 permanently enjoined from:

(A) using, in connection with the sale or promotion of hair care goods, the Namaste Trade Dress shown in the attached **Exhibit A**, and/or any trade dress confusingly similar to that shown in **Exhibit A**;

(B) directly or indirectly using in commerce, or causing to be published or otherwise disseminated, any promotional or advertising materials that utilize the Namaste Trade Dress shown in the attached **Exhibit A**, or any trade dress confusingly similar to that shown in **Exhibit A**.

5. Cheatham acknowledges the validity of the Namaste Trade Dress shown in the attached **Exhibit A**, and as further described in the Settlement Agreement signed between the parties, and agrees that it shall not challenge the validity or enforceability of that Trade Dress, including but not limited to in any judicial, quasi-judicial, or administrative proceeding.

6. Namaste and Cheatham agree that after May 31, 2009, Cheatham shall not again use the (prior) Cheatham Trade Dress, shown in the attached **Exhibit B**, nor any trade dress confusingly similar to the prior Cheatham Trade Dress.

7. Namaste and Cheatham agree that the New Cheatham Trade Dress shown in **Exhibit C**, is not confusingly similar to the Namaste Trade Dress and shall not infringe the Namaste Trade Dress, whether that New Cheatham Trade Dress is used on a label having either an opaque background or a clear background.

8. Namaste and Cheatham agree that the trade dress shown in **Exhibits D-1, D-2, and E** (Cheatham's current clear label products and Cheatham's current Olive Oil Relaxer Kit

respectively) are not confusingly similar to the Namaste Trade Dress and shall not infringe the Namaste Trade Dress.

9. Except in any proceeding to enforce the provisions of the Settlement Agreement or the Consent Judgment, or except as otherwise required by law, neither party shall publicize or disclose to any third party the existence or provisions of the Settlement Agreement, or any terms or conditions therein, without the prior written consent of the other party. Notwithstanding the above, Namasté, its officers, or the specific designees of its officers may orally advise persons representing competing manufacturers of ethnic hair and skin care products that Namasté brought an infringement action against Cheatham, and that Cheatham agreed to change its trade dress as a result of a resolution of that action solely in connection with either (a) prosecution of (or preparing to prosecute) a claim for infringement of the Namaste Trade Dress against such competing manufacturer ; or (b) bona fide efforts to police and cease the potentially infringing actions of third parties (collectively referred to as the "Confidentiality Exclusion"). Except as specifically noted above, the Confidentiality Exclusion shall not permit Namasté to orally discuss the Complaint or the Settlement Agreement with any customers, brokers or distributors of either Cheatham or Namasté.

10. The entry of this Consent Judgment and Permanent Injunction is agreed upon pursuant to a confidential Settlement Agreement between the Parties, and does not constitute any admission of wrongdoing by either Party.

11. This Consent Judgment shall serve as *res judicata* with respect to all claims asserted in the Complaint, and all claims that could have been asserted by either Namaste or Cheatham arising from the occurrences and events alleged therein. Accordingly, Namaste and Cheatham shall be barred from seeking any other relief with respect to any such claim occurring

on or before the date of this Consent Judgment and Permanent Injunction, other than enforcement of the terms set forth herein.

12. Finding no just reason for delay and pursuant to the Settlement Agreement of Namaste and Cheatham, the Court hereby enters final judgment on each of the claims asserted in the Complaint and the Amended Complaint on the terms above.

13. The Court shall retain continuing jurisdiction over the enforcement, construction, and interpretation of the parties' Settlement Agreement, and of this Consent Judgment and Permanent Injunction.

14. This Consent Judgment is not intended to expand or limit the parties' respective rights and obligations under the Settlement Agreement. Further, the Settlement Agreement shall be used to interpret the meaning of any terms in this Consent Judgment. In any event, regardless of any language in, or interpretation of, the Settlement Agreement, the Consent Judgment and Permanent Injunction shall be binding on the parties. Should either party seek to enforce the terms of this Consent Judgment and Permanent Injunction, the parties shall provide the Court with a copy of the Settlement Agreement pursuant to a mutually acceptable protective order and the Court shall enforce, construe and interpret this Consent Judgment and Permanent Injunction based on the terms contained in the Settlement Agreement.

DATED: April 21, 2009

Honorable Wayne R. Andersen, U.S.D.J.



**Exhibit A**

Exhibit B



*Organics*
# Olive Oil SHAMPOO

For All Hair Types

Strengthens Thinning Hair



Formulated with EXTRA VIRGIN OLIVE OIL

Exhibit C



Exhibit D-1



Exhibit D-2



Exhibit E